**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Vitamin World, Inc., *et al.*,[1] | ) Case No. 17-11933 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Hearing Date: N/A** |
| | ) **Objection Deadline: N/A** |
| | ) |

**MOTION OF THE DEBTORS FOR EXPEDITED CONSIDERATION OF DEBTORS' MOTION FOR ENTRY OF (A) ORDER (I) SCHEDULING A HEARING TO CONSIDER APPROVAL OF THE SALE OR SALES OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) APPROVING CERTAIN BIDDING PROCEDURES, ASSUMPTION AND ASSIGNMENT PROCEDURES, AND THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF; AND (B) ONE OR MORE ORDERS (I) APPROVING THE SALES OR OTHER ACQUISITION TRANSACTIONS FOR THE ASSETS, (II) AUTHORIZING THE SALES FREE AND CLEAR OF ALL ENCUMBRANCES, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

Vitamin World, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (the "**Debtors**"), having filed contemporaneously the *Debtors' Motion for Entry of (A) Order (I) Scheduling a Hearing to Consider Approval of the Sale or Sales of Substantially All of the Debtors' Assets, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, and (III) Granting Related Relief; and (B) One or More Orders (I) Approving the Sales or Other*

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vitamin World, Inc. (2283); VWRE Holdings, Inc. (8915); VW Interholdings, Inc. (4744); VW Online, Inc. (8763); Precision Engineered Limited (USA) (0916); Vitamin World (V.I.), Inc. (9839); Vitamin Depot, LLC (6747); Vitamin World of Guam, LLC (2056); and Nutrition Warehouse, Inc. (5095). Debtors' mailing address is 4320 Veterans Highway, Holbrook, NY 11741.

*Acquisition Transactions for the Assets, (II) Authorizing the Sales Free and Clear of All Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "**Motion**"),[2] respectfully submit this motion (the "**Motion for Expedited Consideration**"), pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order shortening the time for notice of the hearing to consider the Motion so that the Motion may be considered by the Court at the omnibus hearing scheduled for November 21, 2017 at 10:00 a.m. (prevailing Eastern Time) (the "**Hearing**"), with any objections to the Application to be filed by November 20, 2017 at 12:00 p.m. (prevailing Eastern Time) (the "**Proposed Objection Deadline**"). In support of this Motion for Expedited Consideration, the Debtors respectfully represent as follows:

## Jurisdiction

1.      This Court has jurisdiction over this Motion for Expedited Consideration under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this judicial district under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## Background

3.      On September 11, 2017 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (these "**Chapter 11 Cases**").

---

[2]      Capitalized terms not defined herein shall have the meanings ascribed to them in the Motions.

2

The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Debtors are a leading specialty retailer in the vitamins, minerals, herbs and supplements ("**VMHS**") market.  The Debtors offer products across all major VMHS and sports nutrition categories, including supplements, active nutrition, multiples, letter vitamins, health and beauty items, herbs, minerals, food and specialty items.  A more detailed description of the Debtors' business and operations, and the events leading to the commencement of these Chapter 11 Cases, is provided in the *Declaration of Frank Conley in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 2] and the *Supplement to Declaration of Frank Conley in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 161].

5.      Although the Debtors originally intended to proceed with a plan of reorganization in connection with these Chapter 11 Cases, certain unforeseen operational challenges and issues faced by the Debtors in connection with their post-petition financing facility now caused the Debtors to pursue a sale of substantially all of their assets.  Indeed, the Debtors' key constituents --Wells Fargo Bank., N.A. ("**Wells Fargo**") and the Official Committee of Unsecured Creditors (the "**Committee**") – have agreed with the Debtors' judgment that it is necessary to engage in a sale and marketing process as quickly as possible is order to maximize value for the Debtors' estates and unsecured creditors.  For these reasons, the Debtors seek expedited consideration of the Motion so that they can quickly move forward with the marketing of their assets.

### Relief Requested

6.      By this Motion for Expedited Consideration, the Debtors respectfully request the entry of an order, shortening notice of the hearing to consider the Motion so that the Motion can be considered at the Hearing, with any objections to the Motion to be filed by the Proposed Objection Deadline.

3

### Basis for Relief Requested

7.      Local Rule 9006-1(c)(i) requires that all motion papers be filed and served at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date.  Local Rule 9006-1(c)(ii) further provides that objections, if any, to such a motion shall be no later than seven (7) days before the hearing date.  See Del. Bankr. L.R. 9006-1(c)(i), (ii).

8.      Local Rule 9006-1(e), however, provides that a motion may be heard on less notice than as otherwise required if authorized "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).  Indeed, as stated in Bankruptcy Code section 102(1), "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion.  *See* 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); *Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.").

9.      As discussed more fully in the Motion, the Debtors need to engage in a sale and marketing process as soon as possible and require Court approval of the Motion to do so.  To date, the Debtors' sales have lagged and they have missed sale projections.  Working closely with Wells Fargo and the Committee, as well as the Debtors' other professionals, the Debtors determined that under these circumstances, the best way to preserve value for their estates and creditors is to close, as soon as possible, certain of the Debtors' least performing stores and quickly move forward with the marketing of their remaining assets as a going concern.  To delay consideration of the Motion to a date beyond the Hearing will expose the Debtors to ongoing

4

losses that would in turn jeopardize the Debtors' efforts to pursue sales that will bring value to the estates.

10.     Given the gravity of the circumstances facing the Debtors and the consequences of failing to act quickly, the Debtors submit that any prejudice to parties in interest that may result from this Court hearing the Motion on an expedited basis is greatly outweighed by the harm that would be incurred by the Debtors if they could not act quickly in accordance with the procedures set forth in the Motion. The Debtors will also serve the Motion via expedited mail to afford parties in interest with as much notice of the Hearing and the proposed response deadline as possible.

11.     Accordingly, for the foregoing reasons, the Debtors respectfully request that the Court consider the Motion on an expedited basis at the Hearing.

## Notice

12.     Notice of this Motion and any order entered hereon will be provided to (i) the Office of the United States Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to Wells Fargo Bank, National Association, (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney's Office for the District of Delaware; and (vii) any other party entitled to notice pursuant to Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested in the Motion for Expedited Consideration; (ii) considering the Motion at the Hearing, with objections, if any, to be filed by the Proposed Objection Deadline; and (iii) granting such other further relief as is just and proper.

Dated: November 10, 2017
 Wilmington, Delaware

SAUL EWING ARNSTEIN & LEHR LLP

Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899-1266
Telephone:  (302) 421-6800
Facsimile:  (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

KATTEN MUCHIN ROSENMAN LLP
Peter A. Siddiqui (admitted *pro hac vice*)
Paige E. Barr (admitted *pro hac vice*)
Allison E. Thompson (admitted *pro hac vice*)
525 W. Monroe Street
Chicago, IL 60661
Telephone:  (312) 902-5200
Facsimile:  (312) 902-1061
peter.siddiqui@kattenlaw.com
paige.barr@kattenlaw.com
allison.thompson@kattenlaw.com

*Attorneys for Debtors and Debtors in Possession*

6

670220.2 11/10/2017