## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Vitamin World, Inc., *et al.*,[1] | ) Case No. 17-11933 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Related to Docket No. 390 |
| | ) |

**ORDER: (I) AUTHORIZING DEBTORS TO ENTER INTO CONSULTING AGREEMENT WITH LIQUIDATION CONSULTANT; (II) AUTHORIZING DEBTORS TO CONDUCT STORE CLOSING OR SIMILAR THEMED SALES; (III) APPROVING DEBTORS' STORE CLOSING PLAN; (IV) AUTHORIZING AND APPROVING STORE CLOSING SALES FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (V) APPROVING PROCEDURES TO CONDUCT STORE CLOSINGS IN ADDITIONAL CLOSING STORES; (VI) EXEMPTING THE DEBTORS FROM COMPLIANCE WITH NON-BANKRUPTCY LIQUIDATION LAWS; (VII) EXEMPTING DEBTORS FROM COMPLIANCE WITH ANY CONTRACTUAL RESTRICTIONS PLACED UPON THE CLOSING SALES; AND (VIII) PERMITTING THE DEBTORS TO ABANDON ANY PROPERTY THAT IS BURDENSOME OR OF INCONSEQUENTIAL VALUE**

Upon the *Motion of the Debtors for Entry of an Order: (I) Authorizing Debtors to Enter into Consulting Agreement with Liquidation Consultant; (II) Authorizing Debtors to Conduct Store Closing or Similar Themed Sales; (III) Approving Debtors' Store Closing Plan; (IV) Authorizing and Approving Store Closing Sales Free and Clear of All Liens, Claims and Encumbrances; (V) Approving Procedures to Conduct Store Closings in Additional Closing Stores; (VI) Exempting the Debtors from Compliance with Non-Bankruptcy Liquidation Laws; (VII) Exempting Debtors from Compliance with Any Contractual Restrictions Placed upon the*

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vitamin World, Inc. (2283); VWRE Holdings, Inc. (8915); VW Interholdings, Inc. (4744); VW Online, Inc. (8763); Precision Engineered Limited (USA) (0916); Vitamin World (V.I.), Inc. (9839); Vitamin Depot, LLC (6747); Vitamin World of Guam, LLC (2056); and Nutrition Warehouse, Inc. (5095). Debtors' mailing address is 4320 Veterans Highway, Holbrook, NY 11741.

*Closing Sales; and (VIII) Permitting the Debtors to Abandon Any Property that is Burdensome or of Inconsequential Value* (the "Motion"),

**IT IS HEREBY FOUND AND DETERMINED THAT**[1]:

A. The court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper before this Court.

B. Due and proper notice of the Motion was provided with respect to the relief granted in this Order and no other or further notice need be provided.

C. The Debtors have advanced sound business reasons for entering into the Closing Store Agreement as set forth in the Motion and at the hearing, and entering into the Closing Store Agreement is a reasonable exercise of the Debtors' business judgment and is in the best interest of the Debtors and their estates.

D. The Closing Store Agreement was negotiated, proposed, and entered into by Debtors and Gordon Brothers Retail Partners, LLC (the "Liquidation Consultant") without collusion, in good faith and from arm's length bargaining positions.

E. The Sale Guidelines, as described in the Motion, are reasonable and will maximize the returns on the Store Assets for the benefit of the Debtors' estates and creditors.

F. The Closing Sales, in accordance with the Sale Guidelines, and with the assistance of the Liquidation Consultant, will provide an efficient means for the Debtors to liquidate and dispose of the Store Assets as quickly and effectively as possible, and are in the best interest of the Debtors' estates.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 9014 and 7052.

G. The Resolution Procedures set forth in the Sale Guidelines and this Order are fair and reasonable, and comply with applicable law.

H. The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates, and the Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief approved herein.

I. The entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties in interest.

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order. The failure to specifically include any particular provision of the Closing Store Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Closing Store Agreement and all of its provisions, payments and transactions, be and hereby are authorized and approved as, and to the extent provided for, in this Order.

3. To the extent there is any conflict between this Order, the Sale Guidelines, and the Closing Store Agreement, the terms of this Order shall control over all other documents, and the Sale Guidelines shall control over the Store Closing Agreement, except as may be modified by a side letter agreement with the respective landlord of a Closing Store in accordance with paragraph 28 of this Order (each a "Side Agreement").

4. The Debtors are hereby authorized pursuant to section 363(b)(1) of the Bankruptcy Code to enter into the Closing Store Agreement . The Debtors are authorized to act and perform in accordance with the terms of the Closing Store Agreement, including, making

- 3 -

669986.8 11/21/2017

payments required by the Closing Store Agreement to the Liquidation Consultant without the need for any application of the Liquidation Consultant for a further order of the Court.

5. Subject to paragraph 6 below, with respect to costs and expenses incurred by the Liquidation Consultant pursuant to and in accordance with the Closing Store Agreement, the Liquidation Consultant shall be entitled to and shall receive reimbursement of such costs and expenses incurred and fees earned pursuant to and in accordance with the Closing Store Agreement upon entry of this Order.

6. Within thirty (30) days of the conclusion of the Closing Sales, the Debtors shall file a summary report of such Closing Sales that will include (i) the Stores closed, (ii) gross revenue from Merchandise sold, and (iii) gross revenue from FF&E sold, and also provide the U.S. Trustee with (x) the calculation of and compensation paid to the Liquidation Consultant and (y) expenses reimbursed to the Liquidation Consultant; provided, further, that only the U.S. Trustee may, within twenty (20) days after such report is filed and information is provided, object to the compensation paid or expense reimbursed to the Liquidation Consultant only as to and on the following grounds: (i) that the calculation of the compensation paid to the Liquidation Consultant pursuant to the compensation structure contemplated by the Closing Store Agreement as of the date of this Order was not performed correctly; (ii) the calculation and reasonableness of any compensation paid to the Liquidation Consultant pursuant to a compensation structure other than as reflected in the Closing Store Agreement as of the date of this Order; and (iii) the reasonableness of expenses reimbursed by the Debtors to the Liquidation Consultant that were in excess of the expense budget(s) filed with the Court prior to the final hearing on the Motion.

7. The Debtors are authorized, pursuant to section 363(b)(1) of the Bankruptcy Code, to conduct the Closing Sales at the Initial Closing Stores and, subject to the procedures set

forth in paragraph 10 below, any and all other remaining retail stores (the "Additional Closing Stores," and together with the Initial Closing Stores, the "Closing Stores") in accordance with this Order, the Sale Guidelines, and the Closing Store Agreement.

8. Subject to the restrictions set forth in this Order and the Sale Guidelines, the Debtors and the Liquidation Consultant are authorized to take any and all actions as may be necessary or desirable to implement the Closing Store Agreement and the Closing Sales. The Debtors, the Liquidation Consultant, and each of their respective officers, employees, and agents are hereby authorized to execute such documents and to do such acts as are necessary or desirable to carry out the Closing Sales and effectuate the Closing Store Agreement and each of the transactions and related actions contemplated or set forth therein.

9. The Sale Guidelines are approved in their entirety.

10. To the extent that the Debtors seek to conduct Closing Sales at any Additional Closing Stores, the Debtors shall file a list of such store locations with the Court (the "Additional Closing Store List") and serve a notice of their intent to conduct Closing Sales at the Additional Closing Stores ("the Additional Store Closing Notice") on the applicable landlords (the "Additional Closing Store Landlords"), counsel to the Official Committee of Unsecured Creditors, counsel to Wells Fargo and counsel to the United States Trustee's Office by email (to the extent available to the Debtors) or overnight mail at the notice address set forth in the lease for such Additional Closing Store (or, if none, at the last known address available to the Debtors). The Additional Closing Store Landlords, the Official Committee of Unsecured Creditors, Wells Fargo and the Office of the United States Trustee will have 7 days after service of the applicable Additional Closing Store List to object to the application of this Order to any Additional Closing Store, including the Sale Guidelines and any other terms in this Order that relate to the conduct of the Closing Sales; provided, however,

669986.8 11/21/2017

that any modifications to the Sale Guidelines or terms of this Order that relate to the conduct of the Closing Sales shall only apply to the Additional Closing Store Landlord that filed the objection resulting in such modification. If no timely objections are filed with respect to the application of this Order to an Additional Closing Store, the Debtors are authorized, pursuant to sections 105(a), and 363(b) and (f) of the Bankruptcy Code, to proceed with conducting a Closing Sale at the Additional Closing Store in accordance with this Order, the Sale Guidelines and the Liquidation Consulting Agreement. *The Additional Store Closing Notice shall include the date and time for a telephonic status conference before the Court prior to the deadline to object.*

11. If any objections are filed with respect to the application of this Order to an Additional Closing Store, and such objections are not resolved, the objections and the application of this Order to the Additional Closing Store will be considered by the Court at the next regularly scheduled omnibus hearing, or at an earlier hearing, to the extent necessary.

12. All entities that are presently in possession of some or all of the Merchandise or Offered FF&E in which the Debtors hold an interest that is or may be subject to the Closing Store Agreement or this Order are hereby directed to surrender possession of such Merchandise or Offered FF&E to the Debtors or the Liquidation Consultant.

13. Except as provided herein, neither the Debtors nor the Liquidation Consultant or any of their officers, employees, or agents shall be required to obtain the approval of any third party, including (without limitation) any governmental unit (as defined in section 101(27) of the Bankruptcy Code) or any landlord, to conduct the Closing Sales at the Closing Stores and any related activities in accordance with the Sale Guidelines.

14. Except as agreed in a Side Agreement, no Landlord, licensor, property owner, or property manager shall prohibit, restrict, or otherwise interfere with any Closing Sale at any Closing Store.

- 6 -

15. The Debtors are authorized to discontinue operations at the Stores in accordance with this Order and the Sale Guidelines.

16. All newspapers and other advertising media in which the Closing Sales may be advertised and all landlords of the Closing Stores are directed to accept this Order as binding authority so as to authorize the Debtors and the Liquidation Consultant to conduct the Closing Sales and the sale of Merchandise and Offered FF&E pursuant to the Closing Store Agreement and the Sale Guidelines, including, without limitation, to conduct and advertise the sale of the Merchandise and Offered FF&E in the manner contemplated by, and in accordance with, this Order, the Sale Guidelines, and the Closing Store Agreement.

17. Nothing in this Order or the Store Closing Agreement releases the Debtors or the Liquidation Consultant from complying with laws and regulations of general applicability, including, without limitation, public health and safety, criminal, tax, labor, employment, environmental, antitrust, fair competition, traffic and consumer protection laws, including consumer laws regulating deceptive practices and false advertising.

18. Except as agreed in a Side Agreement, the Debtors and the Liquidation Consultant are hereby authorized to take such actions as may be necessary and appropriate to implement the Closing Store Agreement and to conduct the Closing Sales without the need for a further order of this Court, including, but not limited to, advertising the sale as a "store closing," "sale on everything," "everything must go," "liquidation sale," "clearance outlet," or similar themed sale through the posting of signs in accordance with the Sale Guidelines, notwithstanding any applicable non-bankruptcy laws that restrict such sales and activities, and notwithstanding any provision in any lease, sublease, license or other agreement related to occupancy, "going

dark," or abandonment of assets, or other provisions that purport to prohibit, restrict, or otherwise interfere with the Closing Sales.

19. Notwithstanding anything herein to the contrary, and in view of the importance of the use of sign-walkers, banners, and other advertising to the sale of the Store Assets and Additional Merchandise, to the extent that disputes arise during the course of the Closing Sales regarding laws regulating the use of sign-walkers, banners, or other advertising, and the Debtors and the Liquidation Consultant are unable to resolve the matter consensually with a governmental unit, any party may request an immediate hearing with this Court pursuant to these provisions.

20. Except as agreed in a Side Agreement, no person or entity, including, but not limited to, any landlord, service providers, utility provider or creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder the Closing Sales or the sale of Merchandise or Offered FF&E, or the advertising and promotion of the Closing Sales.

21. All sales of all Store Assets shall be "as is" and final.

22. The Liquidation Consultant shall not be liable for sales taxes except as expressly provided in the Closing Store Agreement. The Debtors remain responsible for the payment of any and all sales taxes. The Debtors are directed to remit all taxes accruing from the store Closing Sales to the applicable governmental units as and when due, provided that in the case of a bona fide dispute, the Debtors are only directed to pay such taxes upon the resolution of the dispute, if and to the extent that the dispute is decided in favor of the applicable governmental unit. For the avoidance of doubt, sales taxes collected and held in trust by the Debtors shall not be used to pay any creditor or any other party, other than the applicable governmental unit for which the sales taxes are collected.

23. Pursuant to section 363(f) of the Bankruptcy Code, the Liquidation Consultant, on behalf of the Debtors, is authorized to sell all Merchandise or Offered FF&E pursuant to the Closing Store Agreement and in accordance with the Sale Guidelines, as may have been modified by a Side Agreement. All sales of Merchandise or Offered FF&E, whether by the Liquidation Consultant or the Debtors, shall be free and clear of any and all liens, claims, and encumbrances; provided, however, that any liens, claims, and encumbrances shall attach to the proceeds of the sale of applicable Merchandise or Offered FF&E with the same validity and priority and to the same extent and amount that any such liens, claims, and encumbrances had with respect to such Merchandise or Offered FF&E, subject to any claims and defenses that the Debtors may possess with respect thereto and otherwise in accordance with the terms of the *Final Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364, And 507 And Fed. R. Bankr. P. 2002, 4001 And 9014 (I) Authorizing Debtors And Debtors In Possession To Obtain Postpetition Financing, (II) Authorizing Use Of Cash Collateral, (III) Granting Liens And Super-Priority Claims, (IV) Granting Adequate Protection To Prepetition Secured Lenders; (V) Modifying the Automatic Stay; and (VI) Granting Related Relief*, dated November 9, 2017 [Docket No. 370].

24. The Debtors and the Liquidation Consultant are authorized and empowered to transfer Merchandise and other Store Assets among the Closing Stores as well as among the Debtors' non-Closing Stores.

25. The Debtors and the Liquidation Consultant are authorized and empowered to include Additional Merchandise in the Closing Sales in accordance with this Order and the Closing Store Agreement. Sales of Additional Merchandise shall be run through the Debtors' cash register systems; provided, however, that the Liquidation Consultant shall mark the Additional Merchandise using either a "dummy" SKU or department number, or in such other

- 9 -

669986.8 11/21/2017

manner so as to distinguish the sale of Additional Merchandise from the sale of Merchandise. The Liquidation Consultant shall provide signage in the Closing Stores notifying customers that Additional Merchandise has been included in the sale.

26. Subject solely to the Liquidation Consultant's obligations to pay the Additional Merchandise Fee, at all times and for all purposes, the Additional Merchandise and their proceeds shall be the exclusive property of the Liquidation Consultant, and no other person or entity (including, without limitation, the Debtors, or any third person claiming a security interest in the Debtors' property, including the Debtor's secured lenders), shall have any claim against any of the Additional Merchandise or their proceeds. Subject solely to Liquidation Consultant's obligations to pay the Debtors the Additional Merchandise Fee and the security interest of the lenders in such Additional Merchandise Fee, the Additional Merchandise and the identifiable proceeds thereof are not property of the Debtors or their estates and do not constitute property of the Debtors' or their estates subject to any lender's lien. The Additional Merchandise shall at all times remain subject to the exclusive control of the Liquidation Consultant, and the Liquidation Consultant shall insure the Additional Merchandise and, if required, promptly file any proofs of loss with regard thereto.

27. The Additional Merchandise shall be consigned to Debtors as a true consignment under Article 9 of the Uniform Commercial Code ("UCC"). The Liquidation Consultant is hereby granted a valid, binding and enforceable first priority security interest in and lien upon (i) the Additional Merchandise and (ii) the Gross Additional Proceeds, which security interest shall be deemed perfected pursuant to this Order without the requirement of filing UCC financing statements or providing notifications to any prior secured parties (provided that Liquidation Consultant is hereby authorized to deliver (and Debtors shall cooperate with the

delivery of) all required notices and file all necessary financing statements and amendments thereof under the applicable UCC identifying Liquidation Consultant's interest in the Additional Merchandise as consigned goods thereunder and the Debtors as the consignees therefor, and Liquidation Consultant's security interest in and lien upon such Additional Merchandise and Gross Additional Proceeds).

28. The Liquidation Consultant and the respective landlord of each Closing Store are authorized to enter into a Side Agreement to govern the conduct of the Closing Sales at the applicable Closing Store and such Side Agreement shall control over the Sale Guidelines and this Order.

29. The Debtors and the Liquidation Consultant are authorized to abandon any Remaining Property, in accordance with the terms of this Order, the Closing Store Agreement and the Sale Guidelines. To the extent any of the Store Assets remain at a Closing Store on the effective date of rejection for the underlying lease, such Store Assets shall be deemed abandoned to the affected landlord at the time of any rejection of the lease with the right of the landlord to dispose of such property free and clear of all interests and without notice or liability to any person or entity.

30. To the extent that the Debtors propose to sell or abandon Store Assets that may contain any personal or confidential information about the Debtors' employees or customers, the Debtors shall remove all such confidential information from such Store Assets before they are sold or abandoned.

31. To the extent that the Closing Sales at the Closing Stores are conducted in accordance with this Order and the Sale Guidelines, and are therefore conducted under the supervision of this Court, such Closing Sales are authorized notwithstanding any federal, state or

- 11 -

669986.8 11/21/2017

local statute, ordinance, rule or licensing requirement directed at regulating "going out of business," "store closing," similar inventory liquidation sales, or bulk sale laws, including laws restricting safe, professional and non-deceptive, customary advertising such as signs, banners, posting of signage, and use of sign-walkers in connection with the sale, and including ordinances establishing license or permit requirements, waiting periods, time limits or bulk sale restrictions that contain exemptions for court-ordered sales (collectively, the "Liquidation Laws"). Given such exemptions, the Debtors shall be presumed to be in compliance with any Liquidation Laws and are authorized to conduct the Closing Sales in accordance with the terms of this Order and the Sale Guidelines without the necessity of showing compliance with any Liquidation Laws.

32. To the extent that any governmental unit disputes the Debtors' compliance with any Liquidation Law, such governmental unit may assert a dispute (a "Liquidation Dispute") by serving written notice (a "Dispute Notice") of such Liquidation Dispute on the counsel for the Debtors, the Liquidation Consultant and the applicable landlord of the Closing Store so as to ensure delivery thereof within 14 days following entry of this Order. If the Debtors, the Liquidation Consultant, and such governmental unit are unable to resolve the Liquidation Dispute within 14 days of service of the Dispute Notice, such governmental unit may file a motion with this Court requesting consideration and resolution of the Liquidation Dispute (a "Dispute Resolution Motion"). The filing of a Dispute Resolution Motion shall not be deemed to affect the finality of this Order or to limit or interfere with the Debtors' ability to conduct or to continue to conduct the Closing Sales pursuant to this Order and in accordance with the Sale Guidelines, absent further order of this Court. The dispute resolution procedures relating to any Liquidation Disputes described in this paragraph are referred to as the "Resolution Procedures."

669986.8 11/21/2017

33. Within two (2) business days of the entry of this Order, the Debtors shall serve copies of this Order, the Closing Store Agreement, and the Sale Guidelines via email, facsimile or regular mail, on (i) the Attorney General's office for each state where the Closing Sales are being held, (ii) the county consumer protection agency or similar agency for each county where the Closing Sales are being held, (iii) the division of consumer protection for each state where the Closing Sales are being held, (iv) the chief legal counsel for the local jurisdiction the Closing Sales are being held, and (v) the landlords for each of the Closing Stores.

34. The Closing Store Agreement and related documents may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court.

35. The Liquidation Consultant shall not be liable for any claims against the Debtors, and the Debtors shall not be liable for any claims against the Liquidation Consultant, in each case, other than as expressly provided for in the Closing Store Agreement. The Liquidation Consultant shall have no successor liability whatsoever with respect to any liens, claims or encumbrances of any nature that may exist against the Debtors.

36. Neither the Liquidation Consultant, nor any of the liquidation consulting firms that submitted proposals to the Debtors to serve as liquidation consultant, shall be precluded from bidding in connection with the Going Concern Sale.

37. Except for entities specifically bound by this Order as reflected herein, all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or

contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Store Assets are authorized to accept this Order as binding authority that no further approvals are necessary to effectuate the above.

38. This Order and the terms and provisions of the Closing Store Agreement shall be binding on all of the Debtors' creditors (whether known or unknown), the Debtors, the Liquidation Consultant, and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting an interest in the Store Assets, notwithstanding any subsequent appointment of any trustee, party, entity or other fiduciary under any section of the Bankruptcy Code with respect to the forgoing parties, and as to such trustee, party, entity or other fiduciary, absent further order of the Court, such terms and provisions likewise shall be binding.

39. The provisions of this Order and the terms and provisions of the Closing Store Agreement shall be binding upon the Debtors, the Liquidation Consultant and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or 11 of the Bankruptcy Code, absent further order of the Court.

40. Any trustee appointed in the Debtors' cases shall be and hereby is authorized to operate the business of the Debtors to the fullest extent necessary to permit compliance with the terms of this Order and the Closing Store Agreement, and the Liquidation Consultant and the trustee shall be and hereby are authorized to perform under the Closing Store Agreement upon the appointment of the trustee without the need for further order of this Court.

41. The Liquidation Consultant is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Order, the various procedures contemplated herein, any issues related to or otherwise connected to the Closing Sales and the Closing Store Agreement.

42. Notwithstanding Bankruptcy Rules 6004(h), this order shall be effective and enforceable immediately upon its entry.

43. This Court shall retain exclusive jurisdiction with regard to all issues or disputes arising from or relating to the implementation, interpretation, or enforcement of this Order or the Closing Store Agreement, including, but not limited to, any claim or issue relating to any efforts by any party or person to prohibit, restrict or in any way limit the Closing Sales in accordance with the Sale Guidelines, or any other disputes related to the Closing Sales. No parties or person shall take any action against the Debtors, the Liquidation Consultant or the applicable landlord for a Closing Store until this Court has resolved such dispute. This Court shall hear the request of such parties or persons with respect to any such disputes on an expedited basis, as may be appropriate under the circumstances.

Dated: November 21, 2017

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge

669986.8 11/21/2017