## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>VITAMIN WORLD, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.:  17-11933 (KJC)<br><br>(Jointly Administered)<br><br>**Sale Hearing Date: July 9, 2018 at 11:00 a.m. (ET)**<br>**Sale Obj. Deadline: July 2, 2018 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN LITIGATION ASSETS

By this motion (this "Motion"), Vitamin World, Inc. and its affiliates in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (the "Debtors"), seek entry of an order pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), substantially in the form attached hereto as **Exhibit A** (the "Sale Order") authorizing and approving the sale of any and all claims (the "Visa/MC Claims") the Debtors may hold in connection with the putative consolidated class action styled *In re Payment Interchange Fee and Merchant Discount Antitrust Litigation*, Case No. 1:05-md-01720-JG-JO, and filed in the U.S. District Court for the Eastern District of New York to Optium Fund 2 LLC (the "Buyer") pursuant to that certain Asset Purchase Agreement, dated as of June 15, 2018 (the "APA") or to the party submitting the highest or otherwise best offer for the Visa/MC Claims (the "Successful Bidder").  In support of this Motion, the Debtors respectfully state as follows:

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vitamin World, Inc. (2283); VWRE Holdings, Inc. (8915); VW Interholdings, Inc. (4744); VW Online, Inc. (8763); Precision Engineered Limited (USA) (0916); Vitamin World (V.I.), Inc. (9839); Vitamin Depot, LLC (6747); Vitamin World of Guam, LLC (2056); and Nutrition Warehouse, Inc. (5095).  Debtors' mailing address is 4320 Veterans Highway, Holbrook, NY 11741.

## JURISDICTION

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b). Venue is property before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory and legal predicates for the relief sought herein are sections 105, 363, 503 and 507 of the Bankruptcy Code, Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.     Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

### A.     General Background

4.     On September 11, 2017, the Debtors commenced their respective bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  A more detailed description of the events leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Frank Conley in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 2] and the *Supplement to Declaration of Frank Conley in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 161], and incorporated herein by reference.

5.      Although the Debtors initially intended to proceed with a plan of reorganization, certain operational challenges and liquidity concerns caused the Debtors to pursue a sale of substantially all of their assets.  On December 22, 2017, the Court entered an Order [D.I. 553] approving the sale  of substantially all of the Debtors' assets (the "Asset Sale") to Vitamin World USA Corporation pursuant to the Amended and Restated Asset Purchase Agreement dated December 21, 2017.  The Asset Sale closed on January 19, 2018.

6.      Since the closing of the Asset Sale, the Debtors have focused on maximizing the value of any remaining assets and reconciling the alleged priority and administrative claims asserted against the Debtors' estate.  As of the date of this Motion, one of the few remaining assets of the Debtors of any material value is the Debtors' interest in the VC/MC Claims.

7.      To solicit interest in the Visa/MC Claims and generate a bid, the Debtors contacted four potential bidders.  The Debtors' negotiations with the Buyer resulted in the highest and best offer for the Visa/MC Claims that the Debtors have received to date.  On June 15, 2018, the Debtors and the Buyer entered into the APA, a copy of which is attached as Exhibit 1 to the Sale Order.  By the Motion, the Debtors will solicit higher and better bids from at least 41 other entities that have previously expressed interest in purchasing the Visa/MC Claims or that have, upon information and belief, expressed an interest in purchasing, or that have purchased, similar claims in other cases (the "Potential Bidders").  A list of the Potential Bidders is attached hereto as **Exhibit B**.

B.      **The APA**

8.      The following chart provides a summary of the material provisions of the APA.[2]

---

[2]     To the extent of any inconsistencies between this summary and the actual terms of the APA, the APA shall control.  Capitalized terms used but not defined in this summary shall have the meanings ascribed to such terms in the APA.

| Term | Description |
|---|---|
| **Sellers** | Vitamin World, Inc., VW Online, Inc., Precision Engineered Limited, Vitamin World (V.I.), Inc., Vitamin Depot, LLC, Vitamin World of Guam, LLC, and Nutrition Warehouse, Inc. |
| **Buyer** | Optium Fund 2 LLC |
| **Acquired Assets** | Each Debtors' claim for damages arising from and/or relating to the class action lawsuit entitled *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (Case No. 1:05-MD-1720-JG-JO), filed in the U.S. District Court for the Eastern District of New York<br><br>(*see* Recitals A & B of and Exhibit A to APA) |
| **Purchase Price** | $230,000.00 (the "Purchase Price")<br><br>(*see* § 2.1 of APA) |
| **Termination Fee** | None.[3] |

9.    The following chart discloses certain information required to be disclosed pursuant to Local Rule 6004-1(b).

| Term | Description |
|---|---|
| **Sale to Insider** *Local Bankr. R. 6004-1(b)(iv)(A)* | Buyer is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code. |
| **Agreements with Management** *Local Bankr. R. 6004-1(b)(iv)(B)* | None. |
| **Releases** *Local Bankr. R. 6004-1(b)(iv)(C)* | Buyer and Sellers each release any claims against the other related to the nondisclosure of information relating to the Visa/MC Claims that is not known to the Purchaser and that may be material to a decision to buyer or sell the Visa/MC Claims.<br><br>(*see* §§ 3.7 and 4.6 of APA) |
| **Private Sale/No Competitive Bidding** *Local Bankr. R. 6004-1(b)(iv)(D)* | The Debtors have proposed seeking higher and better bids on the Visa/MC Claims prior to or at the Sale Hearing; provided, however, that a bid must be at least $250,000 to be considered a higher and better bid. |

---

[3]    The Debtors reserve the right to seek approval of a reasonable termination fee at a later date in the event that the Visa/MC Claims are sold to a Successful Bidder other than the Buyer.

| Term | Description |
|---|---|
| **Closing and Other Deadlines**<br>*Local Bankr. R. 6004-1(b)(iv)(E)* | The closing shall take place on or before the 15th day following entry of the Sale Order.<br>(*see* § 2.3(a) of APA) |
| **Good Faith Deposit**<br> *Local Bankr. R. 6004-1(b)(iv)(F)* | None. |
| **Interim Arrangements with Buyer**<br>*Local Bankr. R. 6004-1(b)(iv)(G)* | None. |
| **Use of Proceeds**<br>*Local Bankr. R. 6004-1(b)(iv)(H)* | None. |
| **Tax Exemption**<br>*Local Bankr. R. 6004-1(b)(iv)(I)* | None. |
| **Record Retention**<br>*Local Bankr. R. 6004-1(b)(iv)(J)* | None. |
| **Sale of Avoidance Actions**<br>*Local Bankr. R. 6004-1(b)(iv)(K)* | None. |
| **Successor Liability**<br>*Local Bankr. R. 6004-1(b)(iv)(L)* | None. |
| **Sale Free and Clear of Unexpired Leases**<br>*Local Bankr. R. 6004-1(b)(iv)(M)* | None. |
| **Credit Bid**<br>*Local Bankr. R. 6004-1(b)(iv)(N)* | None. |

| Term | Description |
|---|---|
| **Relief from Bankruptcy Rule 6004(h)**<br><br>*Local Bankr. R. 6004-1(b)(iv)(O)* | By this Motion, Debtors seek a waiver of the 14-day stay under Bankruptcy Rule 6004(h), as described in more detail below. |

## RELIEF REQUESTED

10.      By this Motion, the Debtors seek entry of the Sale Order authorizing the Sale of the Visa/MC Claims, free and clear of claims, liens, and other interests, to the Successful Bidder, pursuant to the APA or an asset purchase agreement entered into with a Successful Bidder other than the Buyer.

## BASIS FOR RELIEF

### A.      The Sale Is Within the Sound Business Judgment of the Debtors and Should Be Approved

11.      Section 363(b) of the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Courts in the Third Circuit generally authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor. *See*, *e.g.*, *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991).

12.      The sale of estate assets outside the ordinary course of business is appropriate if: (i) there is a sound business purpose for the sale, (ii) the debtor has provided interested parties with adequate and reasonable notice, (iii) the proposed sale price is fair and reasonable, and (iv) the purchaser has acted in good faith.  *See*, *e.g.*, *In re Abbotts Dairies*, 788 F.2d 143, 145-57 (3d Cir. 1986); *In re Exaeris, Inc.*, 380 B.R. 741, 744 (Bankr. D. Del. 2008); *Titusville Country*

*Club v. Pennbank (In re Titusville Country Club)*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).  A sound business purpose may be found where such a sale will enhance the value of the assets for the debtor's estate and creditors.  *See, e.g.*, *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983).

13.     Additionally, section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under the Bankruptcy Code.  Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Pursuant to section 105(a), a court may fashion an order or decree that helps preserve or protect the value of a debtor's assets.  *See, e.g., Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.").

14.     Sufficient business justifications exist to sell the Visa/MC Claims to the Buyer or other Successful Bidder.  The Debtors believe that the sale process proposed herein will achieve the highest or otherwise best price for the Visa/MC Claims, because the Debtors are subjecting the value of the Visa/MC Claims to market testing through the solicitation of competing bids.  The Sale is also in good faith within the meaning of *Abbotts Dairies*.  No insider will gain an unfair advantage from the Sale, and all parties in interest will receive adequate notice of the Sale, as further described below.  Accordingly, because the Sale will further the Debtors' efforts to maximize the value of the estates, it represents a sound exercise of business judgment.

## B.     The Notice Is Sufficient

15.     The Debtors will serve this Motion, as well as the Notice filed herewith on: (i) the U.S. Trustee; (ii) the Committee; (iii) the Potential Bidders and all other parties that have expressed a potential interest in purchasing the Visa/MC Claims; and (iv) all parties who have

filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 (the "Notice Parties").

16.    The Debtors propose that the deadline to file objections to the Sale shall be seven (7) days prior to the Sale Hearing (the "Sale Objection Deadline").  The Debtors request that any objections be in writing and be filed with the Court and served so as to be **actually received** no later than the Sale Objection Deadline by:  (a) counsel to the Debtors, (i) Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661, Attn:  Peter Siddiqui and Paige Tinkham, and (ii) Saul Ewing Arnstein & Lehr LLP, 1201 North Market Street, Suite 2300, P.O. Box 1266, Wilmington, Delaware 19899, Attn:  Mark Minuti; (b) the U.S. Trustee, 844 King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn:  Linda J. Casey; and (c) counsel to the Committee (i) Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068 (Attn: Mary Seymour and Bruce Buechler) and (ii) Whiteford, Taylor & Preston LLC, The Renaissance Centre, 405 North King Street, Suite 500, Wilmington, DE 19801 (Attn: Christopher Samis).

17.    The Debtors submit that the foregoing notice procedures satisfy Bankruptcy Rule 2002 and Local Rule 2002-1(b) and provide sufficient notice of the Sale Hearing and the related deadlines.

**C.    The Sale of the Visa/MC Claims Free and Clear of Claims, Liens, and Other Interests Is Authorized by Bankruptcy Code Section 363(f)**

18.    Under section 363(f) of the Bankruptcy Code, a debtor may sell property "under subsection (b) and (c) free and clear of any interest in such property of an entity other than the estate."  In particular, section 363(f) authorizes a debtor to sell property free and clear if:

    1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    2)    such entity consents;

24622349.1 06/15/2018

3)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

4)  such interest is in bona fide dispute; or

5)  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).  Satisfaction of any of these requirements suffices to warrant approval of the Sale of the Visa/MC Claims free and clear of all claims, liens, and other interests ("Adverse Interests").  *See, e.g.*, *In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002).

19.    The Debtors are unaware of any Adverse Interests against the Visa/MC Claims. Even if an Adverse Interest is asserted, the Debtors will satisfy the requirements of section 363(f).  Accordingly, the Debtors request that the Sale be approved free and clear of all Adverse Interests, with any such Adverse Interests to attach to the proceeds of the Sale in order of their priority, with the same validity, force, and effect that they now have against the Visa/MC Claims, subject to any rights, claims and defenses of the Debtors or any parties in interest.

**D.    The Successful Bidder Should Be Afforded All Protections Under Bankruptcy Code Section 363(m) as a Good Faith Purchaser**

20.    The Debtors request that the Court find that the Buyer or other Successful Bidder is entitled to the protections of Bankruptcy Code section 363(m) in connection with the Sale. Section 363(m) provides, in pertinent part:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).  Section 363(m) thus protects the good faith purchaser of assets sold pursuant to section 363 of the Bankruptcy Code from the risk that it will lose its interest in the purchased assets if the order authorizing the sale is reversed on appeal.

21.     The Third Circuit has stated that a good faith purchaser under section 363(m) is "one who purchases in 'good faith' and for 'value.'" *Abbotts Dairies*, 788 F.2d at 147.  To constitute a lack of good faith, a party's conduct in connection with the sale usually must amount to "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Id.*

22.     The APA represents an arm's length transaction in which the Buyer, who is not an insider of Debtors, acted in good faith and without fraud or collusion.  Accordingly, the Debtors request a finding that (i) the Buyer has purchased the Visa/MC Claims in good faith within the meaning of section 363(m), (ii) the APA was entered into without fraud or collusion of any kind, and (iii) the APA does not constitute an avoidable transaction pursuant to section 363(n) of the Bankruptcy Code.

**E.     Bankruptcy Rule 6004(h) Should Be Waived**

23.     The Debtors request that the Court waive any stay of the Sale Order under Bankruptcy Rule 6004(h) or otherwise. Such relief is necessary to maximize value for the Debtors' estates, as waiving any stay of the Sale Order will enable the Debtors to immediately close the Sale and bring the proceeds of the Visa/MC Claims into the estate.

<u>**NOTICE**</u>

24.     As discussed above, the Debtors will provide notice of this Motion to:  (i) the U.S. Trustee; (ii) the Committee; (iii) the Potential Bidders and all other parties that have expressed a potential interest in purchasing the Visa/MC Claims; and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

24622349.1 06/15/2018

## CONCLUSION

WHEREFORE, the Debtors request entry of the Sale Order, granting the relief requested

herein and such other and further relief as is just and proper.

Dated: June 15, 2018          SAUL EWING ARNSTEIN & LEHR LLP
       Wilmington, Delaware

          /s/ Mark Minuti
          Mark Minuti (DE Bar No. 2659)
          1201 N. Market Street, Suite 2300
          P.O. Box 1266
          Wilmington, DE 19899-1266
          Telephone:  (302) 421-6800
          Facsimile:  (302) 421-5873
          mark.minuti@saul.com

          -and-

          KATTEN MUCHIN ROSENMAN LLP
          Peter A. Siddiqui (admitted *pro hac vice*)
          Paige E. Barr (admitted *pro hac vice*)
          Allison E. Thompson (admitted *pro hac vice*)
          525 W. Monroe Street
          Chicago, IL 60661
          Telephone:  (312) 902-5200
          Facsimile:  (312) 902-1061
          peter.siddiqui@kattenlaw.com
          paige.barr@kattenlaw.com
          allison.thompson@kattenlaw.com

          *Attorneys for Debtors*
          *and Debtors in Possession*

24622349.1 06/15/2018